No. 05-263

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 53N

_____

IN RE THE MARRIAGE OF
TRACY RIGGIN,

      Petitioner and Respondent,

  and

GUY DOUGLAS RIGGIN,

      Respondent and Appellant.

_____

APPEAL FROM:    District Court of the Eighth Judicial District,
                     In and for the County of Cascade, Cause No. BDR 03-041A,
                     The Honorable Thomas M. McKittrick, Presiding Judge.

COUNSEL OF RECORD:

      For Appellant:

           Gary S. Deschenes, Deschenes & Sullivan, Great Falls, Montana

      For Respondent:

           E. Lee LeVeque, Lee LeVeque Law Offices, PLLC, Great Falls, Montana

_____

                    Submitted on Briefs:  March 29, 2006

                               Decided:  February 27, 2007

Filed:

_____
                        Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraphs 3(c) and 3(d)(iv), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Guy Douglas Riggin (Guy) appeals from a Decree of Dissolution (Decree) entered in the Eighth Judicial District Court, Cascade County, dissolving his marriage to Tracy Riggin (Tracy) and distributing their marital estate. We reverse and remand.

¶3 Guy and Tracy were married on July 31, 1999. There are no children of the marriage. Tracy petitioned to dissolve the marriage on January 27, 2003. After a trial, the District Court entered its decree dissolving the marriage and distributing the marital estate on January 25, 2005.

¶4 The issue on appeal is whether the District Court erred in its distribution of the marital estate. The parties' main disagreement concerns the distribution of the marital home, and the contributions made by each party in its acquisition and construction.

¶5 Before the marriage, Tracy purchased eight acres with $43,000 she borrowed from her parents. She began to build a home on this land before she and Guy were married, borrowing an additional $50,000 from her retirement account to do so.

¶6 Tracy deeded an undivided interest in the home to Guy when he repaid the $43,000 loan from Tracy's parents and put approximately $47,000 back into her

2

retirement account. This money came from Guy's premarital assets, which included an account funded by an inheritance to Guy and funds from the sale of three properties he owned in Idaho. The evidence indicates that the withdrawals made from Guy's account and the sale of his Idaho properties generated capital gains that were reported on the parties' joint tax returns.

¶7 The District Court found the home to have a value of $305,000 with $175,000 in equity. The home was distributed to Tracy, with the requirement that she pay the outstanding debt on the property. Also, in its distribution of the marital estate, the District Court credited Guy with $90,000 in consideration of the payments he made to Tracy's parents and to her retirement account. The court then offset this amount by crediting Tracy with payment of $87,000 in capital gains tax incurred by Guy.

¶8 We review a district court's division of marital property to determine whether its findings of fact are clearly erroneous and whether it applied the law correctly. *In re Marriage of Foster*, 2004 MT 326, ¶ 9, 324 Mont. 114, ¶ 9, 102 P.3d 16, ¶ 9; *In re Marriage of Herrera*, 2004 MT 40, ¶ 18, 320 Mont. 71, ¶ 18, 85 P.3d 781, ¶ 18. We will determine a finding of fact to be clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the record convinces us the district court made a mistake. *Foster*, ¶ 9; *Herrera*, ¶ 18.

¶9 Guy argues that the District Court erred when it credited him with the $90,000 in the distribution of the marital estate and then credited Tracy with paying $87,000 in capital gains tax which he alone incurred.

¶10 The District Court found as a matter of fact that Tracy paid $87,000 in capital

3

gains tax incurred by Guy. This finding is clearly erroneous as it is not supported by the record. There is evidence that the parties may have accumulated and paid tax on approximately $87,000 in capital gains during their marriage. However, there is no evidence that Tracy paid this amount in capital gains tax. The exhibits introduced into evidence indicate the contrary. The findings of the District Court are therefore clearly erroneous and this case must be remanded to correct the error. Upon remand, the District Court shall take necessary steps to reconsider the amount of capital gains incurred by the parties, what amount of tax was actually paid, who paid such tax, and what effect these payments may have on an equitable distribution of the marital estate.

¶11    Reversed and remanded for further proceedings consistent with this opinion.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE